# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17 cv 188

| | |
|---|---|
| **LEON ANTHONY DAMON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **NANCY A. BERRYHILL,** ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

This matter is before the Court on the parties cross Motions for Summary Judgment [# 13, # 17]. Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. The issues have been fully briefed, and the matter is ripe for ruling. For the reasons below, the Court will grant the Plaintiff's Motion for Summary Judgment [# 13] and deny the Commissioner's Motion Summary Judgment [# 17].

**I.     Procedural Background**

On April 15, 2013, Plaintiff protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income. (T. 26)[1] Plaintiff alleged a disability onset date of November 1, 2013. (T. 26) On June 26, 2013, the Social Security

---

[1] "T." followed by a number refers to the page number(s) of the transcript of the administrative record [# 8-1].

Administration initially denied Plaintiff's claims. (T. 26) On September 13, 2013, Plaintiff's claims were denied upon reconsideration. (T. 26) On October 11, 2013, Plaintiff filed a written request for a hearing. (T. 26)

On July 14, 2015, a hearing was held before an Administrative Law Judge ("ALJ") in Charlotte, North Carolina. (T. 26) Plaintiff was present with his attorney Bradford D. Myler. (T. 26) On August 31, 2015, the ALJ issued a decision finding that Plaintiff was not disabled from November 1, 2013, through the date of the decision. (T. 36) Plaintiff requested review of the ALJ's decision. (T. 21) The Appeals Council denied Plaintiff's request for review. (T. 5–7) On April 17, 2017, Plaintiff filed this action seeking review of the Commissioner's final decision. [*See* Compl. # 1].

## II.   Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord* Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step evaluation, the Commissioner must consider each of the following in sequence: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained

in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920; Johnson, 434 F.3d at 653 n.1.; Mastro, 270 F.3d at 177.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process ends. Mascio v. Colvin, 780 F.3d 632, 634–35 (4th Cir. 2015).

The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and thereby establish disability. Monroe, 826 F.3d at 179. If the claimant fails to satisfy his or her burden at step three, the ALJ must still, however, determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant can perform other work that exists in significant numbers in the national economy considering the claimant's RFC, age, education, and work experience.

Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five using the testimony of a vocational expert ("VE"), who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits. Id.

### III. The ALJ's Decision

In the August 31, 2015, decision, the ALJ concluded that Plaintiff was not disabled under Sections 216(i), 233(d), and 1614(a)(3)(A) of the Social Security Act. (T. 26, 36) In support of this conclusion, the ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through June 30, 2016.

(2) The claimant has not engaged in substantial gainful activity since November 1, 2013, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe impairments: mood disorder, history of traumatic brain injury with resultant cognitive disorder and neurological residuals, history of right total knee replacement (20 C.F.R. §§ 404.1520(c), 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work (lifting and carrying 50 pounds occasionally and 25 frequently, as defined in 20 C.F.R §§ 404.1567(c), 416.967(c)), except that he is limited to unskilled work.

(6) The claimant is capable of performing past relevant work as an automobile detailer. This work does not require the performance of work-related activities precluded by claimant's residual functional capacity (20 C.F.R. §§ 404.1565, 416.965).

(7) The claimant has not been under a disability, as defined by the Social Security Act, from November 1, 2013, through the date of this decision (20 C.F.R. §§ 404.1520(f), 416.920(f)).

(T. 31–41)

## IV. Standard of Review

Title 42 U.S.C. § 405(g) provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); *accord* Monroe, 826 F.3d at 186. "Substantial evidence is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion."" Craig, 76 F.3d at 589 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, whether the Commissioner's decision that he or she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his

decision based on the correct application of the law. Id.

V.  Discussion

   A.   The ALJ Improperly Evaluated the Opinion Evidence

Plaintiff argues that the ALJ erred by failing to properly weigh the opinion evidence of Dr. Emily Rayes-Prince. The Court agrees.

The Regulations[2] provide as follows with respect to the Social Security Administration's criteria for evaluating opinion evidence:

> Evidence that you submit or that we obtain may contain medical opinions. Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite your impairment(s), and your physical or mental restrictions.

20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). The Regulations direct that the ALJ must analyze and weigh the evidence of record with the following factors taken into consideration: (1) length of treatment relationship and frequency of evaluation, (2) nature and extent of the treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) various other factors. 20 C.F.R. §§ 404.1527(c)(2)–(6), 416.927(c)(2)–(6); see Cohen v. Berryhill, 272 Fed. Supp. 3d 779, 781 (D.S.C. 2017).

As a general rule, more weight is given to a medical professional who examines a

---

[2] On January 18, 2017, the Social Security Agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844; see also 82 Fed. Reg. 15132 (Mar. 27, 2017) (amending and correcting the final rules published at 82 Fed. Reg. 5844). These final rules became effective on March 27, 2017; therefore, they do not apply to the ALJ's decision in this case, issued in August 2015. The Court will cite only to the rules that were in effect at the time of the ALJ's decision.

claimant, as opposed to a non-examining source. 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1); *see* Patterson v. Colvin, No. 5:12-CV-063-RLV-DCK, 2013 WL 3035792, at \*4 (W.D.N.C. June 17, 2013). A medical opinion from a treating source will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R §§ 404.1527(c)(2), 416.927(c)(2). For a medical opinion from a treating source to not be given controlling weight, the ALJ must weigh the opinion with the factors listed in 20 C.F.R. 404.1527(c)(2)–(6), 416.927(c)(2)–(6).

The Court finds the ALJ erred in evaluating Dr. Rayes-Prince for two reasons. First, the ALJ erroneously attributed three pieces of evidence from Rayes-Prince to Dr. Lou McAdams. (T. 33) On its own, the Court found the error to be potentially harmless. *See* Mascio v. Colvin, 780 F.3d 632, 639 (4th Cir. 2015) (acknowledging the possibility of harmless error in a Social Security context). The ALJ, however, also erred by not adequately explaining Rayes-Prince's relationship to Plaintiff, in part, because it remains unclear to the Court what evidence the ALJ was evaluating from Rayes-Prince. Therefore, it is not clear whether the ALJ's decision would have been different if he had properly attributed the evidence to Rayes-Prince. Mullinax v. Colvin, No. 5:13-CV-169-GCM, 2014 WL 6997766, at \*4 (W.D.N.C. Dec. 10, 2014) ("Harmless error results when there is a showing that evidence, even when properly considered by the ALJ, would not result in a different decision.") (citing Camp v. Massanari, 22 Fed. App'x 311 (4th Cir. 2001) (per curiam)). Because of the ALJ's unclear analysis, the Court cannot infer harmless error. While the Commissioner correctly points out that later in the opinion the ALJ attributes

Exhibit B11F to Dr. Rayes-Prince, this does not cure the defects in the heart of the analysis.

The Commissioner argues that much of the ALJ's opinion nonetheless remains intact. The Court, however, is not persuaded. There remains the issue that the ALJ could have afforded McAdams more or less weight by not attributing Exhibits B11F, B12F, and B13F to him. While the Court is not looking for a perfect opinion from an ALJ, this opinion is just too unclear. *See* Williamson v. Colvin, No 1:14-CV-884, 2016 WL 1735889, at *6 (M.D.N.C. May 2, 2016) (citing Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a [Social Security] case in quest of a perfect opinion [from an ALJ] unless there is reason to believe that the remand might lead to a different result.")).

Because the Court has determined the ALJ committed reversible error regarding the evaluation of Dr. Rayes-Prince's medical opinion (and theoretically Dr. McAdams' opinion as well), the Court will not address the remaining arguments brought by Plaintiff.

## VI. Conclusion

The Court **GRANTS** Plaintiff's Motion for Summary Judgment [# 13]. The Court **DENIES** the Commissioner's Motion for Summary Judgment [# 17]. The Court **REMANDS** this case for further proceedings.

Signed: July 29, 2018

Dennis L. Howell
United States Magistrate Judge